```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

FREDERICK BANKS, #05711-068                           PETITIONER

VERSUS                          CIVIL ACTION NO. 5:09cv74-DCB-MTP

BARACK OBAMA, et al.                                  RESPONDENTS

## **OPINION AND ORDER**

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. On May 1, 2009, the petitioner, an inmate incarcerated at the F.C.I.-Yazoo, Yazoo City, Mississippi, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is naming Barack Obama-President of the United States, Bruce Pearson-Warden of FCI-Yazoo, Mr. Everest, Correctional Officer Newell, Lieutenant Huchins, Eric Holder, United States of America, and Federal Bureau of Prisons as respondents. As relief, the petitioner is requesting that this court grant him habeas corpus and mandamus relief, that his property be returned to him, that he be given the IAC claim form, and that he be awarded monetary damages along with a myriad of other requests.

The petitioner complains that the respondents failed to provide him with a "Inmate Accident Compensation Form" and also failed to process his request for a worker's compensation claim relating to a back injury he allegedly suffered while working in the food service "in violation of his then medical restrictions."

Comp. [1] p. 4. The petitioner argues that if his request had been processed he would have received an earlier release though the Compassionate Release Program. Additionally, the petitioner complains that the respondents have failed to investigate and return his property which was taken when he was transferred to Special Housing Unit.

## Analysis

Initially, this court finds that federal habeas relief may be granted when the petitioner establishes a violation of his federal constitutional rights. 28 U.S.C. § 2241(c)(3). A petitioner may file a writ of habeas corpus which attacks the manner in which a petitioner's sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). Since the petitioner is housed in a facility where this court has jurisdiction over his custodian, he may file such a habeas request.

However, the instant petition clearly challenges the conditions of petitioner's confinement, not the fact or duration of his confinement, which is the proper subject for a habeas petition filed pursuant to 28 U.S.C. § 2241.[1]  "Simply stated,

---

[1] This court finds that the petitioner has filed this petition for habeas relief § 2241 instead of a Bivens action because he has received three-strikes under 28 U.S.C. § 1915(g) and is now required to pay the filing fee of $350.00 to file a Bivens action challenging the conditions of his confinement unless he can meet

2

habeas is not available to review questions unrelated to the cause of detention." <u>Pierre v. United States</u>, 525 F.2d 933, 935 (5th Cir.1976). Further, the United States Court of Appeals for the Fifth Circuit addressing habeas petitions filed by federal inmates requesting injunctive relief regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation. <u>See</u> <u>Rourke v. Thompson</u>, 11 F.3d 47, 49 (5th Cir.1993); <u>Hernadez v. Garrison</u>, 916 F.2d 291, 292-03 (5th Cir.1990).

This court finds that the petitioner's attempt to create a challenge to the fact or duration of his confinement based on respondents failure to provide him with forms to file for Inmate Accident Compensation or to process his request does not present a claim challenging the execution of his sentence. Likewise, the petitioner's property claim does not challenge the execution of his sentence. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner in the instant civil action.

Additionally, this court finds that petitioner is requesting a writ of mandamus be issued by this district court directing the respondents "deliver up" his property and "issue him the IAC claim form." A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to

---

the exception to 28 U.S.C. § 1915(g). <u>See</u> <u>Banks v. Duckworth</u>, civil action 5:07cv214-DCB-MTP (S.D. Miss. March 14, 2008) (Order [3] entered 12/7/07).

3

the petitioner. 28 U.S.C. § 1361. For a petitioner to be successful in his request for a writ of mandamus, he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In Re Stone, 118 F.3d 1032, 1034 (5th Cir.1997)(citing United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). Under the allegations of the instant civil action, this court finds that the petitioner has failed to present a claim upon which mandamus is warranted. Therefore, his request for mandamus is denied.

## Conclusion

As stated above, this § 2241 is not the proper forum to assert petitioner's claims presented in the instant civil action. Therefore, this § 2241 petition will be dismissed with prejudice. Additionally, this court finds that petitioner's request for mandamus is not warranted and will be denied.

A final judgment in accordance with this opinion and order shall be issued.

SO ORDERED, this the ___4th___ day of August, 2009.

                                           s/ David Bramlette
                                  UNITED STATES DISTRICT JUDGE